IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| O'NEAL WOODS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 08-1383 |
| DENNY SMITH, Warden, | ) ) ) |
| Respondent. | ) ) |

**ORDER**

Before this Court is O'Neal Woods' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Woods' Petition [#1] is DISMISSED WITHOUT PREJUDICE.

**Background**

Woods filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin").

Woods was indicted on November 7, 1995, for possession with intent to distribute cocaine base (95-CR-187). On November 14, 1995, (a week later) Woods was indicted for armed bank robbery and carrying a firearm in relation to a crime of violence (95-CR 194). Both indictments were brought before the same judge, Judge J.P. Stadtmueller, in the Eastern District of Wisconsin.

After a jury trial, Woods was convicted on January 18, 1996, of possession with intent to distribute cocaine base, and on April 11, 1996, he was sentenced to 175

months of imprisonment. That sentence was amended on October 31, 2008, to 140 months of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2), based on a guideline sentencing range that had been subsequently lowered and made retroactive, pursuant to § 28 U.S.C § 994(u).

Within four days following his April 11, 1996, sentencing, Woods moved to withdraw his guilty pleas to the charges of armed bank robbery and carrying a firearm in relation to a crime of violence. Judge Stadtmueller allowed Woods to withdraw his guilty plea. Woods was subsequently assigned new counsel, and his case was reassigned to a different judge, Judge Rudolph T. Randa. After a jury trial, he was convicted of both charges on January 30, 1997. On May 7, 1997, he was sentenced to 110 months on the armed bank robbery offense and 60 months on the carrying a firearm offense. Judge Randa ordered these sentences to run consecutively to each other, and both of these sentences were ordered to run consecutively to the sentence in case number 95-CR-187.

These sentences were aggregated to a 310 month sentence (140 + 110 + 60) by the Bureau of Prisons. Woods' projected release date is June 23, 2018, via good conduct time release. Woods has now filed the instant § 2241 petition with this Court arguing that his 95-CR-187 and 95-CR-194, are supposed to run concurrently, and that he is now entitled to immediate release.

The Government filed their Response, arguing that Woods has failed to exhaust his administrative remedies and that, even if he had exhausted these remedies, he has failed to demonstrate a violation of the Constitution of laws of the treaties of the United States. Woods then filed his Reply to the Government's brief. This Order follows.

**Discussion**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir.1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." *Carnine v. United States,* 974 F.2d 924, 927 (7th Cir.1992).

The Bureau of Prisons ("BOP") has established a system of administrative remedies through which federal inmates are given the opportunity to resolve grievances. 28 C.F.R. § 542.10 *et seq.* Inmates are encouraged to resolve their complaints informally in this process (BP-8), s*ee* 28 C.F.R. §§ 542.13. If informal resolution is insufficient, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred (BP-9), *see* 28 C.F.R. §§ 542.14. The Warden has twenty days in which to respond to the inmate's complaint. If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Office (BP-10). The Regional Office then has thirty days to answer the claim. He may file a final appeal with the Central Office in Washington, D.C. if the inmate is unhappy with the Regional Response (BP-11). The Central Office has forty days in which to respond. 28 U.S.C. § 542.18. It is through this process that Woods' claim should have been pursued initially.

The Government asserts that Woods failed to exhaust his administrative remedies and attached to its Response a print-out of the grievances he has filed while in federal custody. It appears that Woods has filed a formal complaint with the Warden (BP-9) and that the Warden has filed his Response. The Warden explained in his Response:

> This is in response to your Request for Administrative Remedy dated November 5, 2008, in which you requested your two cases to run concurrent to each other.
>
> A review of this matter revealed that on April 11, 1996, you were sentenced in the Eastern District of Wisconsin on case 95-CR-187 to 175 months. This judgement (sic) was silent. Since then, you have received a reduction on this case to a new term of 140 months but it again was silent. On May 7, 1997, you were also sentenced in the Eastern District of Wisconsin on case 95-CR-194 to 110 months on count one and 60 months on count two to run consecutive to each other. The judge also ordered this sentence to run consecutively to the sentence in case 95-CR-187. At this time, your sentences will remain consecutive until we receive further guidance from the courts or an amended judgement (sic) changing your current situation.
>
> Based on these findings, your Request for Administrative Remedy is denied. If you are not satisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, North Central Region, 400 State Avenue, Tower II, Suite 800, Kansas City, Kansas 66101, within 20 calendar days of the date of this response.

After a review of these grievances, it is clear that Woods has failed to exhaust his administrative remedies. Woods asserts in his Reply Brief that he did not have to exhaust his administrative remedies prior to bringing his action. The Court finds this argument to be without merit.

Where a prisoner complains that errors have been made with respect to internal BOP policies and calculations, it is the BOP that must be given first opportunity to correct any such errors, and not this Court. Therefore, the Court finds that Woods has

failed to exhaust his administrative remedies as required under *Carnine,* and his Petition must be dismissed.  Woods' proper recourse is to exhaust the available administrative remedies before filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, and the Court need not reach the merits of Woods' claim.

**Conclusion**

For the reasons set forth herein, the Woods' Petition for Writ of Habeas Corpus [#1] is dismissed without prejudice for failure to exhaust administrative remedies.

ENTERED this 20th day of April, 2009.

/s Michael M. Mihm
Michael M. Mihm
United States District Judge